## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

DONNA SHOTWELL, and d/b/a )
USA DOCK, INC., )
                                )
          **Plaintiffs,** )
                                )
v.                                 )    **Case No. CIV-25-005-JFH-GLJ**
                                )
THE STATE OF OKLAHOMA, ex rel., )
DEPARTMENT OF TOURISM AND )
RECREATION, SHELLEY ZUMWALT,)
Individually and in her official capacity )
As Executive Director the Oklahoma )
Department of Tourism and )
Recreation, UNITED STATES ARMY )
CORPS OF ENGINEERS, )
                                )
          **Defendants.** )

## REPORT AND RECOMMENDATION

      This matter comes before the Court on Defendant The State of Oklahoma, *ex rel*., Department of Tourism and Recreation's ("ODTR") motion to dismiss the Amended Complaint against it pursuant to the State's sovereign immunity under the Eleventh Amended to the United States Constitution.  On July 15, 2025, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636.  *See* Docket No. 31.  For the reasons set forth below, the undersigned Magistrate Judge recommends that the Defendant Department of Tourism and Recreation's Motion to Dismiss and Brief in Support [Docket No. 21] be GRANTED.

## PROCEDURAL HISTORY & BACKGROUND

Plaintiff originally brought this action against Defendants ODTR and Shelley Zumwalt, in both her individual and official capacity as Executive Director of ODTR. *See* Docket No. 2. Plaintiff subsequently amended the Complaint to add Defendant United States Army Corps of Engineers ("Corps of Engineers").[1] *See* Docket No. 14. In both the Complaint and the Amended Complaint, Plaintiff asserts claims for tortious interference with contract and violation of her due process rights pursuant to 42 U.S.C. § 1983. *See* Docket Nos. 2 & 14.

Plaintiff's claims arise out of a lease she and USA Docks entered into with ODTR for a premises in Arrowhead State Park on Lake Eufaula to operate a business providing a marina and related services ("Lease").[2] *See* Docket No. 14, ¶¶ 7 & 9. ODTR leases the property on which the leased premises is located from the Corps of Engineers. *Id.*, ¶ 8. Plaintiff alleged that after inspections by the Corps of Engineers and Oklahoma State Parks Director of Business Services[3] in October 2022, she was given notice of certain lease violations and, due to health and safety concerns, she was given 30 days to cure the violations. *Id.*, ¶¶ 13-14. Plaintiff further alleges that "both the Defendants" conducted

---

[1] The Corps of Engineers was recently served with summons but has not yet entered an appearance or otherwise filed any responsive pleading.

[2] It is unclear if Ms. Shotwell is the only Plaintiff because the Amended Complaint lists her individually and USA Dock, Inc. as a "doing business as" entity through which she was operating the marina, and the Lease refers to USA Docks and Donna Shotwell collectively as the Lessee. *See* Docket No. 14. When the Lease was renewed in 2010, it lists Arena 51 Marina @ Arrowhead, LLC as the successor to USA Docks, but is signed by Shotwell as the "owner." *See* Docket No. 20, Ex. 1. ODTR does not appear to dispute that Ms. Shotwell is a real party in interest with privity as a party to the Lease.

[3] Plaintiff does not identify if this is an agency within ODTC.

follow-up inspections in December 2022 and March 2023 during which more deficiencies were found and noted that previous deficiencies had not been corrected. *Id*., ¶ 14. Plaintiff does not attach any of the deficiency notices to her Amended Complaint. In a Notice of Termination letter dated April 14, 2023, ODTR notified Plaintiff that due to the ongoing issues surrounding the Lease, it was terminating the Lease pursuant to Section 9(a) as of May 11, 2023 ("Termination Letter"). *Id*., Ex. 2. Section 9(a) of the Lease provides that:

> [a]ny violation by Lessee of the terms of this Agreement shall be grounds for termination of this Agreement by State. Notice of the violation shall be provided to Lessee along with a time period within which Lessee shall remedy the violation. If the violation is not cured, the lease may be terminated by the State provided that thirty (30) days written notice of termination is given to the Lessee.

*Id*., Ex. 1. The Termination Letter further states that all personal property must be removed from the leased premises by May 11, 2023 and that "[a]ny personal property remaining as of May 12th, 2023 will be considered abandoned and will become the property of the Department." *Id*., Ex. 2. Plaintiff alleges that she spent several thousand dollars correcting the deficiencies noted in the October 2022, December 2022 and March 2023 inspections. *Id*., ¶ 19. The Amended Complaint is silent as to what, if anything, happened after May 11, 2023, including whether the Lease was terminated and/or any of Plaintiff's property was declared abandoned or seized by ODTR.

Although not mentioned in the Amended Complaint, prior to the proposed Lease Termination, on May 8, 2023, Plaintiff filed a lawsuit in the District Court of Oklahoma County styled and numbered, *Donna Shotwell, individually and dba USA Dock, Inc. v. The State of Oklahoma, ex rel., Department of Tourism and Recreation*, CJ-2023-2622

(Oklahoma Lawsuit).[4]  The Oklahoma Lawsuit arose out of the same underlying facts as this action regarding the Lease and Lease Termination, and Plaintiff sought a temporary restraining order against ODTR, declaratory judgement and anticipatory breach of contract. *Id*.  On the same day the Oklahoma Lawsuit was filed, May 8, 2023, Plaintiff obtained a temporary restraining order prohibiting ODTR from terminating the Lease or seizing any of Plaintiff's property subject to the Lease.  *Id*.  Oklahoma subsequently moved to dismiss the action, arguing the petition failed to comply with the Oklahoma Declaratory Judgment Act because it did not join the Corps of Engineers as a party and that the Corps was a necessary party.  *Id*.  On August 14, 2023, the court dismissed with action without prejudice without any statement of the grounds.  *Id*.  Subsequently, the court denied Plaintiff's motion to reconsider and motion to amend her petition.  *Id*.  Plaintiff filed this action on January 5, 2025.  *See* Docket No. 2.

## Analysis

### I.    Legal Standards

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction

---

[4] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CJ-2023-2622.  The Court may take judicial notice of both its own docket sheets and other state or federal court docket sheets.  *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

## II.    Plaintiff's Claims

ODTR moves to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because it is immune from suit under the Eleventh Amendment of the United States Constitution. ODTR argues it must be dismissed because "Eleventh Amendment sovereign immunity bars suits for money damages against state, state agencies, and state officers in their official capacities."

*Chilcoat v. San Juan County*, 41 F.4th 1196, 1213 (10th Cir. 2022). ODTR argues Oklahoma has expressly not waived its Eleventh Amendment immunity or otherwise consented to a lawsuit such as the present case against it.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This Amendment creates an immunity that "accord[s] states the respect owed them as joint sovereigns," "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens," and "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "'The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.'" *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner County Rural Water Dist. No. 2 v. Grand River Dam Authority*, 577 F.3d 1255, 1258 (10th Cir. 2009)).

In response to Zumwalt's Motion, Plaintiff asserts: 1) federal courts can enjoin state officials from violating federal law pursuant to *Ex parte Young*, 209 U.S. 123 (1908); Congress can and did abrogate state immunity to include bankruptcy cases; and Eleventh Amendment immunity is waived when a state removes a case to federal court. Whatever the merits of Plaintiff's arguments in the abstract, none apply to the present action because

-6-

she is seeking money damages not injunctive relief, a bankruptcy is not involved and ODTR did not remove this case because Plaintiff filed it in federal court.

Nonetheless, ODTR can waive its Eleventh Amendment immunity by entering into a contract with Plaintiff. "[W]here a person or entity enters into a valid contract with the proper State officials and a valid appropriation has been made therefor, the State has consented to being sued and waived its governmental immunity to the extent of its contractual obligations and such contractual obligations may be enforced against the State in an ordinary action at law." *State Bd. of Public Affairs v. Principal Funding Corp.*, 1975 OK 144, ¶ 11, 542 P.2d 503, 506. *See also Pettigrew v. Oklahoma ex rel. Okla. Dept. of Public Safety*, 722 F.3d 1209, 1214 (10th Cir. 2013) ("A state can likewise enter into a contract that waives its Eleventh Amendment immunity to suits related to the contract") (citing *Watson v. Texas*, 261 F.3d 436, 442 (5th Cir. 2001) (settlement agreement waived state's immunity to suit by claimants to recover settlement proceeds); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195, 1195 n.11 (10th Cir. 1998) ("Our conclusion [that the agreement at issue did not indicate the state's intent to waive immunity] does not foreclose the possibility that a State may demonstrate an unequivocal intent to waive Eleventh Amendment immunity by participating in a settlement.")).

Waiver of sovereign immunity, however, must be knowing and voluntary, and the "test for determining whether a State has waived its immunity from federal jurisdiction is a stringent one." *Pettigrew*, 722 F.3d at 1214 (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (internal quotation marks omitted)). Moreover, courts "will give effect to [the waiver] only where stated by the most

express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Id*. (quoting *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990) (brackets and internal quotation marks omitted).

In the present case, there is no clear or express immunity waiver language as the Lease is silent on any waiver of immunity for litigation purposes, forum selection or even choice of law. At most, Section 16 requires Plaintiff to update a service agent "for the purpose of service of process in any court action between the Lessee and the State." *See* Docket No. 14, Ex. 1. Such language falls short of the express language required to establish and knowing and voluntary waiver, much less a waiver to be sued in federal court.

Even if Plaintiff could show that this language is sufficiently express to support a waiver of sovereign immunity, she cannot assert either of her claims against ODTR. First, Plaintiff is not seeking to enforce the Lease or claim that ODTR breached the Lease, but rather seeks money damages for tortious interference and a violation of her due process rights for presumably terminating the Lease.

Second, under Oklahoma law "[a] cause of action for wrongful interference with contract can arise only when one who is not a party to a contract interferes with that contract by convincing one of the contracting parties to breach its terms." *Batton v. Mashburn*, 107 F.Supp.3d 1191, 1198 (W.D. Okla. 2015) (quoting *Ray v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 1994 OK 100, ¶ 15, 894 P.2d 1056, 1060). Thus, a defendant, such as ODTR, who was a party to the Lease cannot be held liable on such a claim. *Id*. *See also Voiles v. Santa Fe Minerals, Inc.*, 1996 OK 13, ¶ 18, 911 P.2d 1205, 1210 ("Hugoton cannot be

liable for wrongfully interfering with a contract if it was acting in a representative capacity for a party to that contract.").

Third, Plaintiff cannot assert a § 1983 action against ODTR for violating her due process rights. ODTR is not a "person" to whom § 1983 applies. *See Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003); *Thomas v. Knutson*, 2024 WL 2076315, at *3 (10th Cir. May 9, 2024) ("It has long been established states, state agencies, and state officials acting in their official capacities are not 'persons' under § 1983); *Harper v. Colorado State Bd. of Land Comm'rs*, 248 Fed. Appx. 4, 8-9 (10th Cir. 2007) (unpublished) ("Section 1983 authorizes suits against 'persons,' and 'neither a state nor a state agency [e.g., ODTR] is a 'person' for purposes of § 1983.'") (citing *Hartman*, 319 F.3d at 1234 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, (1989)). Thus, Plaintiff cannot maintain a § 1983 claim against ODTR.

## III. Leave to Amend

Finally, although ODTR fails to comply with LCvR 7.1(o), the undersigned Magistrate Judge finds that Plaintiff should not be given leave to further amend her Amended Complaint. Although Plaintiff previously amended her complaint, she does not request leave to amend her complaint in response to any of the motions before the Court and, more importantly, any amendment would be futile as further factual allegations could not remedy the deficiencies identified herein. *Jefferson Cnty. Sch. Dist. v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) ("[a]lthough Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.").

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Department of Tourism and Recreation's Motion to Dismiss and Brief in Support [Docket No. 21] be GRANTED WITH PREJUDICE.   Any objection to this Report and Recommendation must be filed within 14 days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of Court upon a showing of good cause.

**DATED** this 15th day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**